McFarland, J.,
delivered the opinion of the Court.
The • hill and amended bill in this cause show, that the complainant and others, were the heirs of Jacob Baker, deceased, who died intestate several years ago, on the 15th of January, 1853. An ex parte petition was filed in the Circuit Court’ of Monroe county, for a sale for partition of a tract of land in that county that had descended to the heirs. That on the same-day a decree for sale was made, appointing H. H. Stephens a special commissioner to sell the land — and that he sold the same to the defendant, Cleburne, who afterwards sold to the defendant, Porter, who is now in possession. The bill charges that the sale was void, and prays to recover the complainant’s interest therein. *343 The bill "was originally in behalf of other of the heirs of said Baker, but Vas finally disposed of in the court below in favor of the defendants, and an appeal has been prosecuted only in behalf of Martha E. Stephens, as to whom alone the case .is before us.
The petition before referred to, purports to be signed by all the heirs of said Jacob .Baker, including the name of the complainant, Martha A. Stephens,, signed by H. H. Stephens, attorney, and also by H. EL Stephens. The complainant, Martha E. Stephens, was at the time a lunatic, or insane, and has ever since remained without a lucid interval, and is said to be now an inmate of the insane asylum. H. H. Stephens-was her husband. The petition simply shows that the heirs own the tract of land in question, and that the same cannot be advantageously divided, and that it will be to their interest to have the same sold. The names of the heirs are given, but the petition does not show that said Martha E. Stephens was a lunatic. The decree shows that the cause was heard upon the petition and proof, and “that it appeared to the court that the land could not be advantageously divided, and that it would be to the interest of the heirs to sell the same; ” and the decree threupon appointed H. H. Stephens a special commissioner to sell the same. At a subsequent term he reported that he had sold the land to James Cleburne for $4,000 — one half had been paid, and $300 left in his hands to pay one of the heirs who was a non-resident. On the 13th September, 1853, a decree was pronounced confirming this sale, and vesting the title in Cleburne — and reciting *344 that the unpaid purchase money was well secured by note, and that the lien upon the land was unnecessary. Another decree was afterwards made, simply directing H. H. Stephens, the commissioner, to pay over the proceeds of said sale to the respective parties, according to their interest, paying the costs and commissions; but there was nothing to show the interest of the parties, or that the same was paid. No bond appears to have been taken of the commissioner, and he is now dead and his estate is insolvent.
The question' upon this state of the record is, whether or not the sale of the interest of Martha E. Stephens, who claims her own share, is void. It has been frequently settled as a correct general principle, that when a court of general jurisdiction possesses jurisdiction of the subject matter, and has acquired jurisdiction of the parties, as to third parties interested under its judgments and decrees, its proceedings cannot be held void after the final disposition of the cause; and in this respect it does not matter whether the jurisdiction be inherent or statutory, provided the statute be of a public nature: McGavock v. Bell, 3 Col., 512; Winchester v. Winchester, 1 Head, 500; 4 Sneed, 371.
Had the Circuit Court, in the cause mentioned, jurisdiction of the person of Mrs. Stephens?
The case of Winchester v. Winchester, 1 Head, was a bill of review, filed to review a decree for sale of a large amount of lands for partition, under proceedings in many respects very similar to the present. In that case the petition was signed by the married *345 women and their husbands, and by the guardian or next friend of the minors. It was held, that although this was error, yet it made them parties to the petition; and sufficient facts being alleged to give the court jurisdiction, and the decree showing that the facts were proven, that the court acquired jurisdiction, and the proceedings were not void — although it would have been more correct and regular to have made the minors defendants — the bill of review was dismissed. In that case, Helen M. Winchester appeared as one of the complainants as a minor, by her guardian, whereas the bill of review alleged that she was an idiot as well as a minor, and had no guardian as such.
The court held this was no ground for a bill of review, either for new matter- or for error apparent The court said: “ if error at all, it is error in fact, (not appearing on the record), and would be ground for an original bill, either in the nature of a bill of review or otherwise; upon the effect of such an error, if it be one, this case does not demand a decision”— the decision being merely, that the matter was not ground for a bill of review.
There can be no doubt, that in a suit for partition of lands, in which a married woman has an interest, she may join her husband as complainant; and in the case referred to, it is said there may be some doubt, whether it would not be error, if they did not so join. It is also true, that in becoming a party complainant the wife may, and perhaps most usually does, act by her husband, he employing the attorney, and otherwise conducting the cause. Yet it is also clear, that if the *346 husband proceed alone in bis own name, or without joining the wife as ■ party, she will not be bound thereby to the extent of divesting her of title to her land. It is sometimes said, that a married woman being under coverture, is presumed to act under the direction of her husband, and can by herself do no binding act; but this is not universally, and for all purposes, true. She cannot convey lands, except in the mode prescribed, and in general she is not authorized to contract; but she may join her husband as party to a suit, and this must be taken as her act; for if it be alone the act of the husband — if he can use his wife’s name, without in legal contemplation having her assent thereto, then he might as well, for all practical purposes, • proceed in his own name, without joining the wife at all. This would give the husband the power to dispose of the wife’s land and receive the proceeds, without her consent. So, notwithstanding the wife being under coverture, is regarded as under the same disability, in many respects, to act as an infant, yet the act of joining- her husband as complainant in a suit must, in legal contemplation, be regarded as her act, to which she has given an intelligent assent, although -in fact she may have acted alone through her husband. In the case of Winchester v. Winchester, some stress is laid upon the fact that the married women signed the petition in person. A valid petition or bill might be filed in the name of husband and wife, signed by an attorney only; but in such case the attorney appears for both, and in legal contemplation must be regarded as employed by *347 both. This principle was held by this court at the last term at Jackson, in support of this view. It is expressly enacted that a suit brought in the name of husband and wife, where it is necessary to sue in her name, and in an action that would survive to her,, shall not be dismissed without' her consent in open court, or in writing. Code, sec. 2487; Act of 1849.
Do these principles also • apply where the wife, in addition to the disability of -.coverture is also insane— does her insanity add anything to her disability? While sane, although under coverture, she has mind capable of consenting to a contract. She may with her .husband, or the husband acting for both, appoint an attorney; but when the husband acts .for both, he does so as the agent, under express or implied authority from the wife; but this authority cannot exist in fact, or be implied, where the wife is in fact insane. So the case is simply this — the husband could not bring the suit without joining his wife, so as to bind her, but he comes into court representing that he is prosecuting the suit in the joint name of himself and wife, and by her authority — withholding from the court the fact that she was then insane, and incapable of consenting thereto.
If an insane person is made a defendant, except in certain excepted cases, it is settled, that without a guardian, they are bound by no judgment or decree against them. Leach v. Marsh, Sup. Court of Maine, American Law Register, Vol. 2, and note — and so of an infant. An infant may sue by guardian or next friend,- and the decree be binding, in the absence of *348 fraud; and so, no doubt, might a lunatic or idiot. Is the husband, for such purpose, the guardian of his wife? A suit for partition might be prosecuted for an insane wife by the husband as next friend; but this should appear upon the face of the proceedings, so the court could protect their rights.
Under the statute, where land is sold, the proceeds of the sale due the wife shall not be paid to any person, except by her consent, upon privy examination. This goes still farther to show, that where husband and wife join in a suit for sale or partition of her lands, that she is a real party, and her assent to becoming a party is necessary to make her so. It is •true, this assent, except in the particulars mentioned, need not be expressly shown, but will, in the absence of anything to the contrary, be presumed. However, wherever in this case it affirmatively appears that her assent was not and could not have been given, then it must result that she was not a party to the cause. There could be neither principle or reason for requiring that the married woman should join her husband in a suit for the sale or partition of her lands, if the husband may use the name of his wife for that purpose when she is insane and incapable of giving assent.
We ■ are of opinion, therefore, that Mrs. Stephens was not a party to the proceedings before referred to, under which her land was sold, and her title was not lost thereby.
The defendant is not protected as an innocent purchaser — if indeed this doctrine would apply in a case of this character — which we do not decide. -Porter *349 and Cleburne file a joint answer, in which they do not aver that they were innocent purchasers for value without. notice, with that degree of particularity required in a plea of this character — in fact do not aver it at all, except by way of argument.
The decree of the Chancellor will be reversed, and a decree rendered in favor of the complainant for her undivided interest in the land, with an account of rents from the death of H. H. Stephens, and the defendants will pay the costs.